**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL FINNEGAN,**

          **Plaintiff,**　　　　　　　　1:10-cv-539
　　　　　　　　　　　　　　　　　　　　　(GLS\RFT)
          **v.**

**TOWN OF NISKAYUNA; COUNTY OF
SCHENECTADY; DOES 1-10; M.A.
MCGOWEN,**[1] Det.; **TOM BUCK,** Dr.; and
**SCHENECTADY FAMILY HEALTH
SERVICE,**

          **Defendants.**
_____

**APPEARANCES:**　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Nkereuwem Umoh　　　　NKEREUWEM I. UMOH, ESQ.
25 Bond Street, 2nd Floor
Brooklyn, NY 11201

**FOR THE DEFENDANTS:**
*Town of Niskayuna and McGowen*
Office of M. Randolph Belkin　　　　M. RANDOLPH BELKIN, ESQ.
26 Century Hill Drive
Suite 202

---

[1] While Finnegan initially named "M.A. McLauer" as a defendant, (*see* Dkt. No. 4), it appears that the defendant's actual surname is either "McGowen" or "McGovern," (*see* Niskayuna Mem. of Law at 1 n.1, Dkt. No. 10:1). Accordingly, since Finnegan seeks to amend, among other things, his complaint to name "McGowen" instead of "McLauer" as a defendant, the court will refer to defendant as "McGowen."

Latham, NY 12110

*County of Schenectady*
Goldberg, Segalla Law Firm
8 Southwoods Boulevard
Suite 300
Albany, NY 1221102526

JONATHAN M. BERNSTEIN, ESQ.
WILLIAM J. GREAGAN, ESQ.

*Buck and Schenectady Family Health Services*
HON. RICHARD S. HARTUNIAN
United States Attorney
445 Broadway
James T. Foley U.S. Courthouse
Albany, NY 12207-2924

DIANE CAGINO
Assistant U.S. Attorney

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Michael Finnegan commenced this action under 42 U.S.C. §§ 1983 and 1985 and New York State common law against defendants Town of Niskayuna, M.A. McGowen, County of Schenectady, Does 1-10, Tom Buck, and Schenectady Family Health Services, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights, medical malpractice, intentional infliction of emotional distress, negligence, and negligent supervision and retention. (*See* Am. Compl., Dkt. No. 4.)  Pending are

Niskayuna and McGowen's motion to dismiss, (Dkt. No. 10); defendant Schenectady County's motion to dismiss, (Dkt. No. 15); Finnegan's cross-motion to amend his amended complaint, (Dkt. No. 21); Finnegan's motion to consider an additional fact, (Dkt. No. 30); and a motion to substitute the United States for defendants Buck and Schenectady Family Health Services, and to dismiss all claims against the United States, (Dkt. No. 44). For the reasons that follow, the defendants' motions to dismiss are granted, Finnegan's motion to amend is denied as futile, Finnegan's motion to consider an additional fact is denied as moot, and the United States' motion to substitute and dismiss is granted.

## II. Background

### A. Factual History[2]

Michael Finnegan alleges that on July 11, 2007, he was arrested by

---

[2] The facts are drawn from Finnegan's proposed second amended complaint. (*See* Dkt. No. 21:2.) However, the court reminds plaintiff's counsel of his obligation under Local Rule 7.1, which provides, inter alia, that a party seeking to amend or supplement a pleading "must set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." N.D.N.Y. L.R. 7.1(a)(4). Notwithstanding Finnegan's failure to meet this obligation, the court will receive and consider his proposed amendments for purposes of defendants' motions.

3

Town of Niskayuna police officers, and that at that time he suffered from liver cirrhosis, hepatitis C, anemia, and "a host of other ailments." (2d Am. Compl. ¶¶ 12-13, Dkt. No. 21:2.) According to Finnegan, immediately after his arrest, he requested medical attention for his illnesses but was told to "shut up" and was placed in a cell at the Niskayuna Courthouse for twenty-four hours. (*Id.* at ¶ 14.) The following day, "Office[r] McGowen and Niskayuna turned [him] over to the custody of the County of Schenectady, who agreed to deprive [him] of his right to medical treatment." (*Id.* at ¶ 18.)

Once he was "[a]t the County Jail[,] he again sought treatment for his serious illness, but was denied proper treatment by the corrections officers and attending medical staff." (*Id.* at ¶ 15.) During the subsequent fourteen days he spent at the Schenectady County facility, Finnegan allegedly "informed the officers that he had had recent treatment and was on medication and required special treatment, such as oxygen" and "requested his proper medication on several occasions. (*Id.* at ¶¶ 16, 21.) However, according to Finnegan, "the defendant officers refused said medication[,] ... never [gave him] the oxygen he requested ... [or the] medication to reduce the pain he suffered from his liver condition[,] ... [and]

4

refused to replenish the medication [he brought] with him." (*Id.* at ¶¶ 19, 21.) Furthermore, "Dr. Buck, [Schenectady Family Health Services], [and c]orrections officers at Schenectady County Jail ... allowed [Finnegan's] condition to persist" until ultimately his "condition worsened ... [such] that he urinated and defecated in his cell ... [and u]pon his release he fell into a coma ... for several days." (*Id.* at ¶ 22.)

In conclusion, Finnegan alleges (1) "[t]hat the decision to hold [him] without adequate medical treatment was made by individuals with decision making power on behalf of the municipality"; (2) that "[d]efendants, as a matter of policy and practice, ha[ve] with deliberate indifference failed to properly sanction or discipline police and correctional officers[,] including the defendants ... thereby causing police and correctional officers[,] including defendants in this case, to engage in unlawful conduct"; and (3) that "[d]efendants[,] as a matter of policy and practice, ha[ve] with deliberate indifference failed to sanction or discipline police and correctional officers[,] including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police and correctional officers thereby causing police and correctional officers[,] including defendants in this case, to engage in

5

unlawful conduct." (*Id.* at ¶¶ 25, 30-31.)

## B.   Procedural History

On May 9, 2010, Finnegan commenced this action against, among others,[3] defendants Schenectady County, Does 1-10, and the Town of Niskayuna. (*See* Compl., Dkt. No. 1.) Finnegan thereafter amended his complaint to assert claims against defendants M.A. McGowen, Tom Buck, and Schenectady Family Health Services. (*See* Am. Compl., Dkt. No. 4.)

On July 6, 2010, Niskayuna and M.A. McGowen moved to dismiss Finnegan's claims. (*See* Dkt. No. 10.) Shortly thereafter, Schenectady County filed a motion to dismiss. (*See* Dkt. No. 15.) In response, Finnegan opposed the motions, and in the alternative, cross-moved to amend his amended complaint. (*See* Dkt. No. 21.)

On January 25, 2011, the United States moved to substitute itself for defendants Buck and Schenectady Family Health Services, and to dismiss all claims. (*See* Dkt. No. 44.)

## III.  Standard of Review

Rule 15(a) provides that where a party seeks to amend his pleading

---

[3]After initially being named as a defendant, the City of Schenectady was voluntarily dismissed from the action on July 2, 2010. (*See* Dkt. No. 9.)

before trial, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks and citation omitted).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Accordingly, where the plaintiff submits a proposed amended complaint, "the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). However, the court "should not deny leave to file a proposed amended complaint ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ...." *Id.* (internal quotation marks and citation omitted).

The standard of review under FED. R. CIV. P. 12(b)(6) is well established and will not be repeated here. For a full discussion of the

7

standard the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010).

## IV. Discussion

### A. Motion to Substitute

As a preliminary matter, the United States seeks to substitute itself as the defendant for Tom Buck and Schenectady Family Health Services, and then seeks to be dismissed from the action on the basis of sovereign immunity. (*See* U.S. Mem. of Law at 3-4, Dkt. No. 44:1.) Having reviewed the United States' submissions, to which Finnegan has failed to respond, the court concurs with the United States' assertions that, in light of Finnegan's claims, Buck and Schenectady Family Health Services constitute "employees" of the United States under 42 U.S.C. § 233 and the Federal Tort Claims Act (FTCA), and are therefore subject to party substitution by the United States. *See Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir. 1983). And because Finnegan has neither alleged compliance nor rebutted the United States' demonstration of noncompliance with the FTCA's jurisdictional prerequisites—namely, the filing of an administrative claim pursuant to 28 U.S.C. § 2675(a)—his claims against the United States are barred for lack of subject matter jurisdiction. Consequently, the

court grants the motion for substitution, terminates Buck and Schenectady Family Health Services from this action, and dismisses all claims against the United States.

## B. **John Doe Defendants**

As Schenectady County correctly points out, (*see* Schenectady Reply Mem. of Law at 1-2, Dkt. No. 22), Finnegan's claims against Does 1-10 are time barred because all of the events at issue here are alleged to have occurred in July 2007, (*see* 2d Am. Compl. ¶¶ 12-32, Dkt. No. 21:2).

Section 1983 actions are governed by the "general or residual state statute of limitations for personal injury actions." *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (internal quotation marks and citation omitted). As a result, New York's three-year statute of limitations for a personal injury, N.Y. C.P.L.R. § 214(5), applies to § 1983 actions in New York. *See id.* Importantly, "'John Doe' pleadings cannot be used to circumvent [the] statute[] of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) (citations omitted). "And even when a suit is brought by [a] pro se litigant, an amended complaint adding new defendants cannot relate back if the newly-added defendants were not

9

named originally because the plaintiff did not know their identities." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (internal quotation marks, citation, and italics omitted).

Here, even in his proposed second amended complaint, Finnegan fails to allege any individual action taken by or attributable to any John Doe. In fact, the only time in the entire complaint that Does 1-10 are mentioned is when they are introduced as parties. (*See* 2d Am. Compl. ¶ 7, Dkt. No. 21:2.) Accordingly, the court dismisses all claims against Does 1-10 as both time barred and deficient under Rule 12(b)(6).

## C.  Unlawful Arrest

In his proposed second amended complaint, Finnegan abandons his Fourth Amendment claims. (*See generally id.*; *see also* Pl. Mem. of Law at 14, Dkt. No. 21.) Accordingly, Finnegan's claims for unlawful arrest in violation of the Fourth Amendment are dismissed.

## D.  Defendant McGowen

As to his claims against defendant McGowen, Finnegan wholly fails to allege any actions taken by McGowen that would amount to an actionable violation under federal or state law. The lone allegation against McGowen is that she turned Finnegan over to Schenectady County's

10

custody. This allegation is insufficient to establish deliberate indifference, negligence, or intentional infliction of emotional distress. And insofar as Finnegan alleges that McGowen somehow conspired with the municipal defendants to deprive Finnegan of his right to adequate medical care, such naked allegations are insufficient as they fail to allege "a context that raises a suggestion of a preceding agreement ... [and] parallel conduct." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Accordingly, Finnegan's claims against McGowen are dismissed.

### E.     Municipal Defendants

As to Finnegan's Eighth and Fourteenth Amendment claims against defendants Niskayuna and Schenectady County, such claims must likewise fail as a matter of law. A municipality may be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To establish a municipal policy or custom, a plaintiff must allege:

> (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the

> alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

*Prowisor v. Bon-Ton, Inc.*, 426 F. Supp. 2d 165, 174 (S.D.N.Y. 2006) (citation omitted). However, a municipality and its supervisory officials may not be held liable under § 1983 based on the theory of respondeat superior. *See Monell*, 436 U.S. at 691. Moreover, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti*, 941 F.2d at 123 (citations omitted); *see also City of Canton v. Harris*, 489 U.S. 378, 387 (1989).

Here, Finnegan's threadbare allegations fail in every way to establish a basis for either municipality's liability under § 1983. Finnegan does not clarify which defendant has a policy or practice, what that policy or practice actually is, or even how that policy or practice actually caused or failed to prevent the alleged deprivation. Nor does he identify any actions taken by, decisions made by, or basis to impute knowledge onto the municipal defendants regarding the misconduct alleged. Consequently, the court

12

dismisses Finnegan's Eighth and Fourteenth Amendment claims against Niskayuna and Schenectady County.[4] And for the same reasons that his conspiracy claim against McGowen is inoperative, Finnegan's unsupported conspiracy claims against Niskayuna and Schenectady County are subject to dismissal.

Finnegan's claims sounding in negligence, negligent supervision and retention, and intentional infliction of emotional distress against Niskayuna and Schenectady County are time barred under New York General Municipal Law as they were filed well outside the one-year ninety-day limitations period.[5]  *See* N.Y. GEN. MUN. LAW § 50-i(1); *see also Francis v.*

---

[4]The court further notes the inconsistency—and potential meritlessness—of Finnegan's pleadings in light of both his allegations that he did receive medical attention and the medical treatment notes attached to his complaint, which demonstrate that he was seen by medical staff initially on July 11, 2007, and multiple times thereafter on July 12, 16, and 17, 2007; that medical staff fully documented the conditions he now complains about; and that he was prescribed several medications and received various accommodations for his illnesses.  (*See* 2d Am. Compl. ¶¶ 19-21, 31-32 & Attachs., Dkt. Nos. 21:2-3.)

[5]In addition, as a matter of New York State public policy, Finnegan is precluded from maintaining a claim for intentional infliction of emotional distress against Niskayuna and Schenectady County as governmental entities.  *See Liranzo v. N.Y.C. Health & Hosps. Corp.*, 300 A.D.2d 548, 548 (2d Dep't 2002); *LaBelle v. St. Lawrence County*, 85 A.D.2d 759, 761 (3d Dep't 1981).

*Posa*, 21 A.D.3d 1335, 1336 (4th Dep't 2005); *Doyle v. 800 Inc.*, 72 A.D.2d 761, 762 (2d Dep't 1979). As a result, these claims are dismissed.

Lastly, as to Finnegan's newly asserted, and only remaining, claim for deliberate indifference arising under the New York State Constitution, (*see* 2d Am. Compl. ¶¶ 55-59, Dkt. No. 21:2), the court declines to exercise supplemental jurisdiction over this pendent claim and consequently dismisses Finnegan's state-law deliberate indifference claim.[6] *See* 28 U.S.C. § 1367(c); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants Town of Niskayuna and M.A. McGowen's motion to dismiss (Dkt. No. 10) is **GRANTED** and all claims against the Town of Niskayuna and M.A. McGowen are **DISMISSED**; and it is further

**ORDERED** that defendant Schenectady County's motion to dismiss

---

[6] Accordingly, the court need not address whether Finnegan complied with the General Municipal Law's notice of claim requirements in asserting his claim of deliberate indifference under the New York State Constitution. *See* N.Y. GEN. MUN. LAW § 50-i(1); *423 S. Salina St., Inc. v. City of Syracuse*, 68 N.Y.2d 474, 489 n.5 (N.Y. 1986); *see also Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999).

(Dkt. No. 15) is **GRANTED** and all claims against Schenectady County are **DISMISSED**; and it is further

ORDERED that Finnegan's cross-motion to amend his amended complaint (Dkt. No. 21) is **DENIED** as futile; and it is further

**ORDERED** that Finnegan's motion to consider an additional fact (Dkt. No. 30) is **DENIED** as moot; and it is further

**ORDERED** that the motion to substitute the United States for defendants Tom Buck and Schenectady Family Health Services (Dkt. No. 44) is **GRANTED**, the motion to dismiss all claims against the United States is **GRANTED**, and Buck, Schenectady Family Health Services, and the United States are **DISMISSED** from the action; and it is further

**ORDERED** that Does 1-10 are **DISMISSED** from the action; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 15, 2011
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

15